UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN O. DESMOND,  )<br>                              )<br>         Plaintiff,        )<br>                              )   Civil Action No.<br>   v.                         )   24-10411-FDS<br>                              )<br>LINDSAY KING WALLIN,  )<br>                              )<br>         Defendant.      )  | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO WITHDRAW REFERENCE**

**SAYLOR, C.J.**

On February 1, 2024, defendant moved to withdraw the reference of her adversary proceeding from the bankruptcy court because she has demanded a jury trial as to all the claims against her and her own counterclaims. So far, there have been no proceedings in the bankruptcy court concerning either set of claims.

Withdrawal of reference from the bankruptcy court is governed by 28 U.S.C. § 157(d), which states that the district court may withdraw a case referred to the bankruptcy court "for cause shown." 28 U.S.C. § 157(d). "Cause to withdraw a reference exists where a party has a right to a trial by jury and does not consent to having that trial in the bankruptcy court." *In re Wolverine, Proctor & Schwartz, LLC*, 404 B.R. 1, 2 (D. Mass. 2009). However, under Local Rule 206, even when a claim might eventually require a trial by jury, "the bankruptcy court may preside over all pretrial proceedings and submit proposed findings on dispositive motions," subject to *de novo* review by the district court. *Agin v. Sam Hill, LLC*, 2014 WL 6773727, at *3 (D. Mass. Dec. 2, 2014).

The Court is not persuaded that there is a risk of inconsistent results or that withdrawal will promote judicial economy or conserve the parties' resources. In light of the close relationship between this adversary proceeding and the issues before the bankruptcy court, as well as the bankruptcy court's familiarity with the parties and defendant's proof of claim, that court is best placed to consider defendant's claims. Although the Court may be required to conduct a *de novo* review of the bankruptcy court's eventual findings at some point, that is not sufficient good cause to withdraw the proceeding at this time. *See Weiss v. Lockwood*, 499 B.R. 392, 394-95 (D. Mass. 2013); *Agin*, 2014 WL 6773727, at *3.

Accordingly, pursuant to 28 U.S.C. § 157(d), defendant's motion is DENIED without prejudice to its renewal.

**So Ordered.**

Dated:  April 9, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court